**Petition for Writ of Habeas Corpus Dismissed and Memorandum Opinion filed June 11, 2024.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-24-00287-CV

---

### IN RE KYLE FRENCH, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF HABEAS CORPUS**
**280th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2021-83581**

---

## MEMORANDUM OPINION

On April 18, 2024, relator Kyle French filed a petition for writ of habeas corpus in this Court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asserts that he is detention for contempt is illegal, asserting that the trial court's February 23, 2023 order modifying a protective order

and the trial court's January 22, 2024 order of contempt for violation of the protective order are void.

On May 9, 2024, this court ordered relator to file a petition that satisfies Rule 52.7(a)(1)-(2) of the Texas Rules of Appellate Procedure. Rule 52.7(a) requires the relator to file a record that contains "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding" and "a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained." Tex. R. App. P. 52.7(a).

To date, relator has not provided this court a transcript of either the January 10, 2022 hearing that resulted in the original protective order or the February 24, 2023 hearing that resulted in an amended protective order. According to the real party in interest,[1] during the hearings relator was informed of actions that would harass, annoy, alarm, abuse, torment, or embarrass the real party in interest. Additionally, relator has not provided transcripts from compliance hearings held on January 26, 2022, March 11, 2022, March 25, 2022, April 8, 2022, May 2, 2022, and September 19, 2022.[2] The real party in interests asserts that during the compliance hearings relator received various warnings regarding communications

---

[1] On May 3, 2024, the real party in interest filed a motion to extend time to file her response to relator's petition for writ of habeas corpus, asserting "Real Party in Interest would need transcripts from all hearings, trials, and proceedings to adequately respond to his Writ. Real Party in Interest would request that Realtor [sic] provide all relevant transcripts." This court granted the motion.

[2] In her April 26, 2024, response in opposition to relator's motion for the court to set bond, the real party in interest provided this court the dates of various compliance hearings conducted by the trial court.

2

with the real party in interest. Finally, relator must certify that he has provided this court with a complete transcript of the January 22, 2024 enforcement hearing. As the party seeking relief, the relator has the burden of providing the court with a sufficient mandamus or habeas record to establish the relator's right to relief. *In re Watt*, No. 05-19-00977-CV, 2019 WL 4233380, at *2 (Tex. App.—Dallas Sept. 16, 2019, orig. proceeding) (mem. op.). To date, relator has not provided this court with the transcripts referenced above.

Because relator has not complied with the Texas Rules of Appellate Procedure, we dismiss relator's petition for writ of habeas corpus for want of prosecution.

PER CURIAM

Panel consists of Justices Zimmerer, Spain, and Hassan.

3